IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENT BELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-806 |
| THE STATE OF MARYLAND and U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND, | * * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

On March 30, 2021, Kent Bell, currently confined at Maryland Correctional Institution-Hagerstown ("MCIH"), filed a civil rights Complaint accompanied by a Motion for Leave to Proceed in Forma Pauperis. (ECF Nos. 1, 2). Bell's Motion will be granted for the purpose of preliminary screening; however, his Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(a), (b)(1).

### I.  BACKGROUND

Bell claims this Court "is wrongfully, bogusly stealing my family money." (Compl. at 2, ECF No. 1). Specifically, Bell asserts "they" "stole" $120.00 from his $600.00 "stimulas [sic] check,"[1] even though the Court is only "authorized to take money out of

---

[1] Bell does not state whether this money was paid to him directly by the U.S. Treasury Department or if he received a gift from a family member or friend that originated with money received under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). For reasons discussed in this Memorandum Opinion, the source of the payment to an inmate account does not limit the availability of those funds to pay the filing fee.

[his] state work pay [in the amount of] $25 a month." (Id.). Bell summarily claims this has caused him "legal injury" and violated his rights under the Seventh and Eighth Amendments to the United States Constitution. (Id.). As redress, Bell seeks $2,500. (Id. at 3).

## II.     DISCUSSION

**A.     Standard of Review**

Because Bell is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed and dismiss any part of the Complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(a), (b)(1); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020). A self-represented party's complaint must be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se plaintiff still carries "the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This Court is required to dismiss any part of Bell's Complaint that: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Additionally, an inmate's ability to file a complaint in federal court without first paying the full filing fee will be greatly curtailed if while he is incarcerated he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim. See 28 U.S.C. § 1915(g).

B.      **Defendants**

Bell names the State of Maryland as a Defendant in this case. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Id. (citing Fla. Dep't of Health v. Fla. Nursing Home Ass'n, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." Halderman, 465 U.S. at 100. Consequently, the claims against the State of Maryland must be dismissed.

Bell also names the U.S. District Court for the District of Maryland as a Defendant in this case. In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Because the United States District Court for the District of Maryland is not a "person" subject to suit or liability under § 1983, nor is it an agent of the State, Bell's claims against the Court must also be dismissed.

**C.     Constitutional Claims**

Even if the State of Maryland and the U.S. District Court were amenable to suit, this case would nonetheless be dismissed because Bell provides no discussion or facts to support his claims under the Seventh and Eighth Amendments. Additionally, Bell's claim fails because there is nothing improper about the funds being removed from Bell's prisoner account.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (b), requires self-represented prisoners to pay a filing fee in installments based on the amount of money in the prisoner's account.[2] Bell has previously initiated several lawsuits in this Court. Accordingly, consistent with the PLRA, this Court has issued orders requiring the

---

[2] The PLRA provides in pertinent part at 28 U.S.C. § 1915(b)(1):

(a) …if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
  (A) the average monthly deposits to the prisoner's account; or
  (B) the average monthly balance in the prisoner's account for the 6-month period immediately   preceding the filing of the complaint or notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

institutional finance officers at the institutions where Bell has been incarcerated to forward funds from Bell's inmate account to pay the filing fees assessed in those cases.[3]

In Bell v. Messina, GLR-17-1354 (D.Md. 2018), a case filed pursuant to 42 U.S.C. § 1983, the Court granted Bell's Motion for Leave to Proceed in Forma Pauperis, ordered payment of $36.39 as the initial partial filing fee, and directed Bell to make monthly payments of 20% of each preceding month's income for payment of the $350.00 filing fee each time the amount in the inmate account exceeded $10.00, as prescribed by the PLRA. (ECF No. 6). On June 1, 2018, after the matter was fully briefed, the Court granted Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and closed the case. Bell filed a Notice of Appeal of that decision to the United States Court of Appeals for the Fourth Circuit, CA No. 18-6809, and was granted leave to proceed without full prepayment of the $505.00 appellate filing fee, subject to the payment provisions of the PLRA. (ECF No. 21).

In Bell v. Department of Public Safety and Social Services, GLR 17-2719 (D.Md. 2018), an action filed pursuant to 42 U.S.C. § 1983, Bell was granted leave to proceed in forma pauperis subject to the payment provisions required under the PLRA. The Court ordered Bell to pay $7.41 toward the $350.00 filing fee and for the Finance Officer at MCTC, where he was then incarcerated, to forward payment of 20% of each preceding month's income credited to his account as continued partial payments on the remainder of the filing fee each time the amount in the inmate account exceeded $10.00. (ECF No. 8).

---

[3] Bell was sent copies of these Orders at the time they were initially issued. Nonetheless, the Court will provide Bell with copies of these Orders.

On August 27, 2018, after the matter was fully briefed, the court granted Defendants' dispositive motions and closed the case.[4]

Contrary to Bell's apparent assumptions, the PLRA and the fee payment Orders issued in the cases mentioned above do not limit the source of funds used for partial payments of the filing fee to inmate income derived solely from prison employment. The rationale behind requiring prisoners to pay the filing fee was explained by the United States Court of Appeals for the Fourth Circuit shortly after the PLRA was passed:

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997).

The Supreme Court has upheld a payment system that collected fees simultaneously for every case filed by a prisoner under the PLRA. See Bruce v. Samuels, 577 U.S. 82, 87–90 (2016) (explaining that if a prisoner files a second, third, fourth or fifth civil case while filing fees are still owed on the first-filed case, a 20% deduction of the prior month's income occurs for all of the cases filed). This Court is unaware of any provision that exempts income from federal stimulus checks or any other source from collection of filing fees under the PLRA, and Bell provides no information otherwise. See Hill v. Cook, 2021 WL 1178209 *2 (D.Ct. Mar. 29, 2021) (observing that if the inmate had received an

---

[4] On a separate note, Bell asserts that these cases were dismissed "biaslly [sic] or racially," (Compl. at 2), but provides no facts to substantiate this assertion.

economic stimulus payment under the CARES Act, or the American Rescue Plan Act of 2021, such funds would enable him to pay the PLRA's required filing fee). For these reasons, Bell's claim that the government is improperly removing money from his inmate account is without merit.

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915A(a), (b)(1) and assign a strike pursuant to 28 U.S.C. §§ 1915A(a), (b)(1). Entered this 16th day of April, 2021.

_____/s/_____
George L. Russell, III
United States District Judge